It cannot be seriously contended that the judge (286) erred in refusing to suffer a plea to be entered, after the jury were impaneled. To do it or not depended upon his discretion under all the circumstances of the case. *Page 128 
The evidence offered to show that the judgment was confessed without the limits of the county of Granville, I think, ought to have been received.Bain v. Hunt, 10 N.C. 572, does not stand in the way; that decided only, and was intended to decide only, the effect of a judgment given by a justice of the peace; but by no means to decide either as to the quantum or species of evidence necessary to prove the existence of such judgment; no such question was before the Court. The only question there submitted was whether assumpsit would lie on a judgment rendered by a justice. The Court decided that it would not, and, quoad that point and that only, compared it to a record, which precludes all future discussion as to the subject-matter of which it is evidence; but the question as to proof of its existence, as before observed, was not touched. Such judgment is the judgment of a court not of record; therefore, it cannot be established as a record, but is to be established as a public writing, not of record, by parol evidence. Parol evidence may be met by parol evidence. Of course, when the judgment was proved in this case parol evidence might be received to show that the judgment, although proved, was confessed without the limits of the county. For these reasons I think the rule for a new trial should be made absolute.